LAVELL ET AL., RESPONDENTS, *v.* FROST, ADMINISTRA-
TRIX, APPELLANT.

[Submitted April 15, 1895.   Decided April 29, 1895.]

DEATH OF PARTY—*Abatement of action or defense.*—A defense does not abate by the
death of a defendant after the commencement of an action although there had been
no service of summons, but survives under section 22 of the Code of Civil Procedure,
and may be maintained by his representatives.

STATUTE OF FRAUDS—*Promise to pay debt of another—Consideration.*—Where a creditor
by written order requests his debtor to pay the amount of his debt to a third person,
the oral acceptance of such order is not within the statute of frauds as constituting a
promise to pay the debt of another.   An agreement by such third person not to file a
lien upon the debtor's premises would be a good consideration for such acceptance.

EVIDENCE—*Oral acceptance of order.*—An alleged oral acceptance by defendant's intes-
tate, of an order for four hundred and twenty-eight dollars, drawn by contractors who
had constructed his house, being denied, it was error to refuse defendant's offer to
prove that, at the time of the alleged acceptance, there was no indebtedness to the
contractors other than one hundred and fifty dollars, which had been paid to plain-
tiffs, that the contractors were building other houses at the time, and that the bal-
ance of plaintiff's bill, for which the order was given, was for materials which had
been used in part in other buildings, since such facts, if proven, would tend to show
that the order had not been accepted.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION upon an acceptance.   Judgment was rendered for
plaintiffs below by McHATTON, J.   Reversed.

Statement of the case by the justice delivering the opinion.

This is an action upon a bill of exchange, called by the wit-
nesses an "order."   It appears that a firm by the name of
McGuire & Anderson repaired a house for one James W. Frost,
the defendant's intestate.   It is claimed by the plaintiffs that
McGuire & Anderson owing them for lumber which went into
the Frost house, and Frost owing McGuire & Anderson for
their services, the latter gave an order upon Frost to pay the
plaintiffs $428, which order Frost accepted.   The order was
in writing.   The acceptance by Frost, if any, was oral.   It
was claimed by plaintiffs that there had been a payment of
$150 by Frost upon the order.   The acceptance of the order
by Frost was denied by the defendant, she contending that the

payment of $150 by her intestate to the Lavells was in full for all that was owing McGuire & Anderson. Frost died after the complaint was filed, and the present defendant, his administratrix, was substituted in his stead. Verdict and judgment were for plaintiffs for $278,—the balance on the order after deducting the payment of $150.

*F. T. McBride,* for Appellant.

*John W. Cotter* and *Robinson & Stapleton,* for Respondents.

DE WITT, J.—It does not appear whether Frost was served with summons before his death, but the action was commenced before his death. An action is commenced by filing a complaint. (Code of Civil Procedure, § 66.) "An action or defense shall not abate by the death of the party, but shall survive and be maintained by his representatives." (Id., § 22.) The administratrix of Frost, the present defendant, was substituted, and the action proceeded against her. The plaintiffs presented their claim to the administratrix after the death of James Frost. (Probate Practice Act, § 159.)

Appellant claims that, as the acceptance of the order by Frost was not in writing, it cannot be relied upon by respondents, because it was a promise to answer for the debt, default, or miscarriage of another. (Compiled Statutes, page 652, § 223.) But the acceptance of the order was not the promise to pay the debt of another. As far as Frost's acceptance was concerned, if there were any, it was simply to pay his own debt, if anything; that is, the debt which he is alleged to have owed to McGuire & Anderson. If he accepted the order, he simply agreed to pay his own debt to those persons, to wit, Lavell Brothers, to whom his creditors, to wit, McGuire & Anderson, requested him to pay such debt.

It was claimed that there was no consideration for the Frost acceptance. The Lavells furnished materials for the Frost house. It appeared in evidence that they threatened to file a

lien upon the real estate.   We are of opinion that there was evidence tending to show that the Lavells agreed not to file the lien, in consideration of Frost's accepting the order.   It is not contended but this was a good consideration, if it were the fact, and, as remarked, there was evidence tending to show that it was the fact.

So far, as we are of opinion, there was no error in the case. But we now come to the consideration of a point wherein we are of opinion that the court did err.   As noted above, the plaintiffs relied wholly upon an oral acceptance of the order by Frost.   Their employes testified to such oral acceptance, and payment by Frost of $150 on the order.   The defendants then offered to introduce testimony which may be summarized as follows:   They called McGuire, of the firm of McGuire and Anderson, and wished to prove by him the contract between Frost and his firm.   Their offer was for the following purpose, and they proposed to prove the following facts, namely: The amount of extras which were put upon the house by Mc-Guire & Anderson, and that Frost's full contract price was $1,645, and that when the extras were put in the $150 which was paid to the Lavells was full payment for the extras, and that there was no other indebtedness to McGuire & Anderson, and that the bill of the Lavells for lumber, for which the order was made, was for material used in houses other than Frost's.   They offered to prove by this witness that, when Frost paid $150 to the Lavells, he had fully paid to McGuire & Anderson the whole contract price and the extras.   They offered to prove that McGuire & Anderson were building other houses and doing work for other parties at the same time when they were working for Frost.   They offered to prove that the material for such other houses and buildings was part of the material which went to make up the balance of the $428 for which the McGuire & Anderson order was made.   They offered to prove that certain items in the bill for which the order was drawn went into certain other specified buildings. To this whole testimony objection was made by the plaintiffs, and sustained by the court.

We are of opinion that, under the circumstances of this case, the testimony was competent. It might have been different if there had been a written acceptance by Frost. But the acceptance relied upon was oral only. The evidence rejected tended to show that, at the time when Frost was alleged to have orally accepted an order for $428 drawn by McGuire & Anderson, he in fact owed McGuire & Anderson only about $150. If such were the facts, they certainly tended to show that Frost would not be likely to accept an order for $428, when he owed only $150; and, as the whole matter of the acceptance of the order rested in parole only, we think the rejected testimony was competent. This view is further supported by the fact that one of plaintiffs' own witnesses, the person who received the payment of the $150, testified that Frost said, when he paid it, that he did not know whether he ought to pay it to the Lavells. The court said, in refusing to receive this testimony, "I shall refuse to admit any evidence except that this order was not accepted, or that Frost did not agree to pay it." As remarked above, if Frost's acceptance had been in writing, the situation might have been different; but, it being oral, we think that the testimony offered tended to show just that which the court said · it would accept testimony upon, namely, that Frost did not accept the order, or agree to pay it. The offered testimony certainly tended to show that fact.

The judgment is reversed, and the case is remanded for new trial.

*Reversed.*

PEMBERTON, C. J., and HUNT, J., concur.